## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW BANKS and LAUREN PEREZ,<br><br>              Plaintiffs,<br><br>v.<br><br>RUSTIC ELEGANCE, INC. and DANA F.<br>GREENE,<br><br>              Defendants. | Case No. _____ |

## COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, CONSTRUCTIVE TRUST AND REQUEST FOR ACCOUNTING

Andrew Banks and Lauren Perez (the "Plaintiffs" or the "Homeowners"), by and through their undersigned attorneys, bring this complaint (this "Complaint") for breach of contract and conversion of their property, and request damages, an accounting, and the imposition of a constructive trust.  In further support of their Complaint, the Plaintiffs respectfully state as follows:

### I.        NATURE OF THE ACTION

1.        This is an action for breach of contract, conversion of property and related equitable relief—arising from Defendants' breaches of contract and wrongful dominion, control, and possession of certain of Homeowners' property.

### II.        THE PARTIES

2.        The Plaintiffs, Andrew Banks and Lauren Perez, maintain their principal residence in San Francisco, California, and are each a citizen of the State of California.

3.     Defendant, Rustic Elegance, Inc. ("Rustic Elegance") is a Massachusetts corporation with a principal place of business at 231 Queen Anne Road, Unit A, Harwich, MA 02645.

4.     Defendant, Dana F. Greene ("Mr. Greene," and together with Rustic Elegance, the "Defendants"), is an individual with his principal residence in West Yarmouth, Massachusetts. Mr. Greene is the president and registered agent of Rustic Elegance and a citizen of the Commonwealth of Massachusetts.

### III.     JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Homeowners, each a citizen of California, and the Defendants, an individual with his principal residence in Massachusetts and a corporation with its principal place of business in Massachusetts, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

### IV.     THE FACTS

7.     On or around May 13, 2021, the Homeowners entered into a certain Design/Build Renovation Proposal R1 (the "Agreement") with Rustic Elegance, pursuant to which Rustic Elegance agreed to provide certain construction and renovation services to property owned by the Homeowners at 361 Route 6A, Yarmouth Port, Massachusetts (the "Premises").  A true and correct copy of the Agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

8.     Following entry into the Agreement, Defendants began work on the Premises and issued invoices to the Homeowners for the work performed.  Pursuant to agreed-upon terms, the Payments to be made by the Homeowners were intended to fund the amounts owing to

2

subcontractors and suppliers in connection with the project, while also allowing Rustic Elegance to realize a profit on the project.  A true and accurate copy of a budget to that effect is attached hereto as **<u>Exhibit B</u>**, and incorporated herein by reference (the "<u>Budget</u>").  It was a crucial part of the parties' expectation and agreement that Rustic Elegance would make payment in full of all amounts owing to subcontractors and suppliers as and when due.

9.     For nearly three (3) years, Defendants appeared to be performing the contracted-for work on the Premises as set forth in the Budget and evidenced by multiple invoices issued to the Homeowners.  True and accurate copies of the invoices are attached hereto as **<u>Exhibit C</u>**.  Over the three years in question, Homeowners paid the Defendants as set forth in the invoices, totaling $1,630,547.42 (the "<u>Payments</u>").

10.     Through status updates provided by Mr. Greene, Defendants advised that multiple subcontractors—such as roofers, plumbers, electricians—had been engaged to perform projects on the Premises.

11.     In addition to payment of the invoices issued by Defendants, the Homeowners purchased various fixtures, appliances, and materials directly, and had these items delivered to the Premises.

12.     On or around September 20, 2024, Homeowners learned through a discussion with Mr. Greene that the Payments had been misappropriated and used to supply different projects, fund payroll, and pay off other debts owing by the Defendants—all *without* making payment of the accrued obligations owing to subcontractors and suppliers in connection with the project.

13.     The Homeowners were also made aware that Rustic Elegance had made much less progress on the project than had previously been represented to Homeowners, and that substantial work still remained to be completed.  Most concerning, several exterior envelope actions were left

unfinished—despite an approaching New England winter—and the Premises were left exposed to the elements.

14.     On October 1, 2024, the Homeowners sent an email to Mr. Greene, in which they requested (1) the return of all property stored either at the Premises or in the Defendants' possession; (2) a list of vendors and contact information who had been engaged for work on the Premises; and (3) a summary of all actions required to maintain the Premises in good condition over the winter pending retention of a replacement contractor.  A true and correct copy of the October 1, 2024 email is attached hereto as **Exhibit D**.[1]

15.     The Homeowners reclaimed their property from the Defendants' possession following the transmittal of the October 1, 2024 email.  Defendants did not otherwise fulfill or respond to the remaining requests in the Homeowners' October 1, 2024 email.

16.     On October 28, 2024, the Homeowners, through counsel, issued a demand letter to the Defendants (the "Demand Letter").  A true and correct copy of the Demand Letter is attached hereto as **Exhibit E**.  In the Demand Letter, the Homeowners demanded (1) an accounting of the application, use, and present status of the Payments; (2) the immediate turn over of any portion of the Payments still in Defendants' possession, custody and control; and (3) a detailed explanation as to any further steps needed to be taken to secure the Premises for the approaching winter.  The Demand Letter requested a response from the Defendants within seven (7) days and stated that absent a satisfactory response, Homeowners would exercise any and all rights, remedies and claims available to them under the Contract and applicable law.

17.     Defendants did not respond to the Demand Letter.

---

[1] The October 1, 2024 email attached as **Exhibit D** has been redacted to redact privileged transmittal correspondence between Plaintiffs and their counsel.

139554028v.4

## V.   CLAIM FOR RELIEF
### Count I: Breach of Contract
### (as to Rustic Elegance)

18.     Homeowners incorporate by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if fully restated and realleged herein.

19.     The Agreement between the Homeowners and Rustic Elegance was a valid and binding contract for work to be performed on the Premises.

20.     The Homeowners have made all payments required under the Agreement and otherwise satisfied any and all conditions precedent to the Defendants' obligations to perform thereunder.

21.     The Homeowners made the Payments in express reliance upon the promise of Rustic Elegance to pay the outstanding amounts owing to the subcontractors and suppliers in connection with the project.

22.     The Homeowners and Rustic Elegance expressly agreed to cap any markup of the cost of services provided on the premises—again with the express expectation of the Homeowners that all amounts owing to subcontractors and suppliers would be paid in full.

23.     Rustic Elegance misappropriated the Payments and failed to perform the services at the Premises agreed to under the Agreement.

24.     Homeowners have suffered damages in an amount to be determined at trial, but in any event not less than the Payments made to Defendants, plus pre- and post-judgment interests, costs, and attorneys' fees, by Rustic Elegance's breach of the Agreement.

### Count II: Conversion of Property
### (as to all Defendants)

25.     Homeowners incorporate by reference the allegations contained throughout this Complaint as if fully restated and realleged herein.

139554028v.4

26.     The Homeowners have a right to possession and refund of the misappropriated Payments.

27.     Defendants exercised wrongful dominion and control over the Payments despite Plaintiffs' multiple demands for remittance of the Payments.

28.     Plaintiffs has suffered damages in an amount to be determined at trial, plus pre- and post-judgment interests, costs, and attorneys' fees, by Defendants' unlawful possession of the Payments.

**Count III:  Constructive Trust
& Request for Accounting
(as to all Defendants)**

29.     Homeowners incorporate the allegations contained throughout this Complaint as if fully restated and realleged herein.

30.     Defendants are wrongfully exercising possession and control over the Payments and Defendants are unjustly enriched by maintaining the Payments to Homeowners' detriment.

31.     A constructive trust must be imposed on the Payments in Defendants' possession.

32.     The Homeowners are entitled to a full accounting of the application and use of the Payments from their initial receipt through the present.

**VI.     DEMAND FOR JURY TRIAL**

The Homeowners claim and demand a jury trial in any court in which this action is tried.

**VII.     PRAYER FOR RELIEF**

**WHEREFORE**, the Homeowners pray the Court enter judgment in its favor:

(i)     Declaring Homeowners are entitled to possession and refund of the Payments;

(ii)    Awarding damages and attorneys fees for Defendants' breach of the Agreement and wrongful possession of the Payments;

6

(iii)    Imposing a constructive trust on the Payments and ordering Defendants to provide an accounting of their application and use;

(iv)    Ordering Defendants to provide an accounting of the use of the Payments and the current status of the project and amounts owing to subcontractors and suppliers in connection with the project; and

(v)    Granting such other and further relief as may be deemed just and proper.

Dated: November 13, 2024              Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Jonathan W. Young*
Jonathan W. Young (BBO #569081)
Hanna J. Redd (BBO #705222)
111 Huntington Ave., 9th Floor
Boston, MA 02199
Tel: (617) 239-0100
jonathan.young@lockelord.com
hanna.redd@lockelord.com

*Attorneys for Plaintiffs Andrew Banks and Lauren Perez*

## <u>VERIFICATION</u>

I, Andrew Banks, declare as follows:

1.      I am a Plaintiff in this case.

2.      I have personal knowledge of all facts set forth in the Complaint.

3.      I verify under the pains and penalties of perjury that the factual statements in this

Complaint are true.

Dated: November 12, 2024

_____
Andrew Banks

SWDocID 139554028v.4